# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

RANDAL LAMAR RICHARDSON,

    Plaintiff,

v.

CHATHAM COUNTY, et al.,

    Defendants.

CV 425-012

## ORDER

Before the Court are Plaintiff Randal Richardson's motion to amend the complaint and motion for reconsideration. Dkt. Nos. 12, 13. For the reasons stated below, the motions are **DENIED**.

## BACKGROUND

On January 13, 2025, Plaintiff initiated this civil rights action, pursuant to 42 U.S.C. § 1983, against Chatham County, Georgia, Superior Court Judge Michael Karpf, Superior Court Judge Lisa Colbert, Clerk of the Superior Court Tammie Mosley, Deputy Clerk of the Superior Court Stephanie Smalls, Deputy Clerk Tamecca King, District Attorney Shaleena Cook-Jones, Chief Assistant to the District Attorney Renorda Herring, Assistant Prosecutor Candace Blyden, and Attorney David Lock. Dkt. No. 1. Plaintiff moved for leave to proceed *in forma pauperis*. Dkt. No. 2.

On January 21, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff be denied *in forma pauperis* status and that Plaintiff's complaint be dismissed. Dkt. No. 4. As the Magistrate Judge explained, Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), and his complaint did not trigger the "imminent danger of serious physical injury" exception to that rule. Id. at 1-3. Plaintiff filed a response to the Report and Recommendation. Dkt. No. 8. However, Plaintiff's response contained no meritorious objection to the Report and Recommendation. See id. The Court adopted the Report and Recommendation on February 21, 2025, Plaintiff's complaint was dismissed, and Judgment was entered the following day, dkt. no. 11, closing the case.

On March 7, 2025, Plaintiff filed a motion to amend the complaint, dkt. no. 12, as well as a motion for reconsideration of the Court's adoption of the Report and Recommendation, dkt. no. 13. Thereafter, on March 12, 2025, Plaintiff filed another response to the Report and Recommendation. Dkt. No. 15.

## DISCUSSION

### I. Plaintiff's Motion to Amend

In his motion to amend, dkt. no. 12, Plaintiff "request[s] leave to amend [his] complaint by correcting the [] defects."

Plaintiff also moves the Court for an extension of time "to see if he can secure the entire filing fee." Id.

To the extent Plaintiff requests an extension of time to pay the filing fee, his motion is **DENIED as moot**. More than six months have passed since Plaintiff requested an extension of time, and Plaintiff has made no attempt to pay the filing fee in this case. For similar reasons, Plaintiff's motion to amend is **DENIED**. Plaintiff attached no proposed amended complaint to his motion, and he has filed no amended complaint since moving to amend over six months ago.

## II. Plaintiff's Motion for Reconsideration

In his motion for reconsideration, dkt. no. 13, Plaintiff challenges his underlying prosecution as "illegal" and "unconstitutional." Plaintiff requests "this case be reconsidered on its substantial merits." Id. at 3. Similarly, in his second response to the Report and Recommendation, dkt. no. 15, Plaintiff claims he has an "abundance of evidence" to support his claims of "unconstitutional infringements."

Plaintiff's motion and response miss the mark. Neither filing shows an exception to § 1915(g)'s three-strikes bar, i.e. an "imminent danger of serious physical injury." As the Magistrate Judge noted in the Report and Recommendation, Plaintiff alleges only "physical discomfort resulting from his incarceration." Dkt. No. 4 at 4. Such a general assertion is

"insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." See <u>Sutton v. Dist. Att's Office</u>, 334 F. App'x 278, 279 (11th Cir. 2009). Plaintiff's motion for reconsideration, dkt. no. 13, is therefore **DENIED**.

## CONCLUSION

Plaintiff's motion to amend, dkt. no. 12, and motion for reconsideration, dkt. no. 13, are **DENIED**. This case remains closed.

**SO ORDERED**, this 6 day of October, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA